IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOUNLAP MATMANIVONG, individually and on behalf of a class,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CREDITORS CONNECTION, INC.,<br><br>Defendant. | 13-cv-5347<br><br>Judge Matthew F. Kennelly |

**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant National Creditors Connection, Inc. ("NCCI") has moved for summary judgment on plaintiff Bounlap Matmanivong claims under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff cross-moves this Court for summary judgment in his favor. In support of this cross motion, plaintiff submits his Memorandum in Opposition to NCCI's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment as well as Plaintiff's Response to NCCI's L.R. 56.1 Statement of Facts and Plaintiff's Statement of Additional Material Facts, and states as follows:

1. On October 9, 2012, plaintiff, a mortgagor of a mortgage owned by Bank of America, called NCCI in response to a letter directing him to do so.

2. NCCI conducts telephone, letter, and face to face interviews with borrowers in default where it advises the debtor that NCCI is working on behalf of Bank of America to update contact information, find out reasons for delinquency, and obtain a financial snapshot of the debtor's current position, as well as explaining loss mitigation alternatives.

1

3. NCCI is a debt collector as defined by the FDCPA.

4. The October 9, 2012 communication was an initial communication in connection with a debt.

5. On October 12, 2012, NCCI sent to plaintiff an "FDCPA letter."

6. NCCI asserted that the "FDCPA letter" was the document attached as Appendix B to Plaintiff's Amended Complaint, NCCI 58. Alternatively, NCCI asserted that the "FDCPA letter" was the document attached to Plaintiff's Statement of Additional Material Facts as Appendix 3, NCCI/BM 68, 67.

7. Both of NCCI's letters fail to comply with written notice requirements in a clear and unambiguous manner in violation of § 1692g the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g because:

   a. The letters state "Any questions you may have regarding the debt should be directed to the contact person of your Bank of America's letter." Directing inquiry to someone other than the debt collector invites waiver of the rights afforded to a debtor under §1692g and is therefore improper.

   b. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ NCCI 58 states that "Bank of America will assume the debt to be valid." But Bank of America is not the debt collector; NCCI is. The statute requires that the notice state that the debt will be assumed "by the debt collector"..

   c. Both of the letters state that "Upon your written request within the thirty

2

(30) day period, Bank of America will provide you with the name and address of the original creditor if it is different from the current creditor." This is misleading or noncompliant, as the verification must be requested of and come from the entity that sent the notice, here, NCCI.

    d.    Both of the letters misleadingly state "Kindly note, NCCI is not collecting the above referenced debt, nor are we demanding any money," but then further state that "*This communication may be part of an effort to collect a debt, and any information obtained may be used for that purpose.*"

    e.    Both letters are misleading in that they state "Any questions you may have regarding the debt should be directed to the contact person of your BofA letter" but then also states that "If you have any questions regarding this notification, please contact NCCI. . . ."

8. In addition, Appendix 3 fails to disclose the amount of the debt, in violation of §1692g(a)(1).

9. NCCI sent no other letter complying with 15 U.S.C §1692g within five days of its initial communication with plaintiff.

WHEREFORE, for the reasons stated above, and those set forth in the Plaintiff's Additional Statement of Material Facts and the memorandum of law which accompany this motion, plaintiffs respectfully ask the Court to grant them summary judgment on liability.

Respectfully submitted,

3

s/Catherine A. Ceko
                                            Catherine A. Ceko

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
[courtecl@edcombs.com](mailto:courtecl@edcombs.com)
Atty. No. 41106

Redacted

4

**CERTIFICATE OF SERVICE**

       I, Catherine A. Ceko, hereby certify that on September 11, 2014, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which will send electronic notice of such filing to the following counsel on record:

    Jason A. Storipan
    jstoripan@laborlawyers.com

    Nesheba M. Kittling
    nkittling@laborlawyers.com

    Regina A. Petty
    rpetty@laborlawyers.com

    Alice S. Wang
    awang@laborlawyers.com

                                     s/Catherine A. Ceko
                                        Catherine A. Ceko

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)